CHILDS v. GRISWOLD *et al.*

1. PLEADINGS IN CHANCERY. The complainant claimed certain lands, on the ground that they were purchased by the ancestor of the respondents with moneys belonging to the complainant, which he had received as her guardian. *Held*, that it was competent for the respondents, in their answer, to show the disposition made of the money belonging to the complainant and received by their ancestor.

2. PLEADINGS AND PRACTICE. Allegations in an answer, which are insufficient in law as a defense, should be objected to by demurrer, and not by motion. When the matter is redundant or irrelevant, and the adverse party will be aggrieved by suffering it to remain, the objection thereto should be taken by motion.

*Appeal from Cedar District Court.*

TUESDAY, JANUARY 5, 1864.

COMPLAINANT, as the heir-at-law of Russell Woods, claims the title to certain real estate held by respondents as the heirs of Stephen Goodrich, deceased. The gravamen of the bill is that said Goodrich was the guardian of complainant, and, as such, received a sum of money, which he invested in the lands in controversy, taking the title in his own name. The prayer is, that respondents shall be declared to hold said land in trust for complainant.

The answer denies quite specifically all the material averments of the bill, and then, in the tenth, eleventh and twelfth clauses sets up the following matter: That after the death of Goodrich, Eliza Johnson, as the guardian of complainant, brought suit against the administrator of said decedent for money claimed to be owing from said estate

to said guardian, covering all money ever received by said former guardian for the said ward; that judgment, in that proceeding, was rendered against the administrator of the estate of said Goodrich, which had been fully paid, and an account of the same duly rendered by the said Johnson, the subsequent guardian. It is also alleged that said Goodrich, from 1845 to 1852, had the sole care and custody of said complainant at an expense of eight hundred dollars, for which he received nothing beyond the interest of the money, which was included in said judgment against his administrator.

Complainant moved to strike all this matter from the answer, which motion was overruled, and she appeals.

*Piatt & Spicer* for the appellant.

*Richman & Bro.* for the appellee.

WRIGHT, Ch. J.— Complainant assumes that the issue in the case is made by the matter stated in the bill; that the facts set up in the parts of the answer objected to are in the nature of set-off and·cross demand, and as such are inadmissible.

These erroneous assumptions necessarily lead to a wrong conclusion. It is true that she claims the land. This claim is based, however, upon the fact that it was purchased with her means, and hence held in trust for her by respondents as the heirs of her former guardian. This is all denied, and then, most legitimately, respondents, for the purpose of developing the true nature of the transaction, proceed to state what was done with the money coming into the hands of their ancestor; that is to say, they state facts which tend to show that this money, instead of being invested in the land, was accounted for and paid to the subsequent guardian. Such facts throw light upon the whole transaction, and are certainly not irrelevant.

The precise ground upon which the motion is made is not clearly stated; that is to say, it does not fully appear whether the matter pleaded is regarded by complainant as redundant, irrelevant or immaterial. If it is claimed to be insufficient in law, the proper method of raising the objection would be by demurrer, and not by motion. *The Davenport Gas Light and Coke Company* v. *The City of Davenport*, 13 Iowa, 229. If the objection is that the matter is redundant or irrelevant, then it should appear that the party will be aggrieved by suffering it to remain. Rev., § 2946. And while it is the duty of courts to expunge such matter — a duty which should be unhesitatingly exercised, for the purpose of preserving unity and distinctness in issues — a summary motion of this character should not be entertained, when facts, and not the evidence of facts, are stated in such a manner as not to prejudice the opposite party. It is often difficult to say just when the rule excluding redundant or irrelevant matter is infringed upon; but in a case arising on the equity side of the court, we should want a much clearer violation of the statute than the one now under consideration to justify us in striking such matter from the pleadings.

What is said in the answer about the expenses of taking care of the ward will be better understood by stating that the bill alleges that part of the money invested in the land was interest upon the amount originally received, and claims also to recover for rents and profits. And while the necessity for setting up such matter in the answer is not very apparent, it seems to negative the equitable right to such interest, and when taken in connection with the averment that this was included or considered in the proceedings against the administrator of the former guardian, we cannot see how appellant would be prejudiced by refusing to strike it out.

Without determining, therefore, whether complainant would be concluded by the act of her second guardian, in abandoning the land and following and collecting the money (upon the hypothesis that the land was purchased with the trust fund), we conclude that the motion was properly overruled.

Affirmed.