## CHILDS v. GRISWOLD.

1. **Trust:** EVIDENCE. Parol evidence to establish a resulting trust must be clear and unequivocal.

*Appeal from Cedar District Court.*

SATURDAY, JANUARY 6.

PLAINTIFF, as the surviving heir-at-law of Rossel Woods, deceased, claims certain lands against defendants, who are the heirs of Stephen Goodrich, deceased. The claim is, that said Stephen, while guardian of plaintiff, purchased these lands with her means and for her, taking the title in his own name, which defendants now therefore hold in trust, &c. Trial on bill, answer and testimony, judgment for defendant, and plaintiff appeals.

*Grant & Smith* and *Wells Spicer* for the appellant.

*Rothrock & Wolf* for the appellees.

WRIGHT, Ch. J.—This case was before us at the December Term, 1863 (15 Iowa, 438), upon appeal from an interlocutory order. Since then it has been heard upon the merits, and is now here for final disposition.

Two positions are assumed by appellees. The first is, that the testimony fails to show that Stephen Goodrich, the ancestor, ever invested plaintiff's means in the lands now claimed; and secondly, they insist that if thus invested, plaintiff's subsequent guardian, by an action against the administrator of said Goodrich, elected to repudiate the investment, and in a proper action at law recovered judgment for the money, which has been fully paid and discharged.

1. TRUST: evidence.

The first point, in our opinion, is decisive of the case, and further than that we need not inquire.

There is no pretense that the trust relation is shown by any writing, or otherwise, than by the declarations of the trustee, whose heirs are now sought to be charged with

the consequence thereof. In such cases, the rule, as to the clear and unequivocal character of the proof required, is too well settled, and has been too often stated to need repetition. See, however, *Noel* v. *Noel*, 1 Iowa, 423; *McGregor* v. *Gardner*, 14 Id., 326; *Ratliff* v. *Ellis*, 2 Id., 59; *Brace* v. *Reid*, 3 G. Greene, 422, and authorities there cited. The evidence in this case scarcely approximates the standard required by all the authorities. Instead of being clear, or anything like positive in its nature, it is made up of one or two random conversations, and the entire effect of these is abundantly overcome by other undisputed facts, and indeed by the whole body of the case. To divest the legal estate after the death of the ancestor, and after the subsequent guardian has indisputably recovered judgment and received the very money which it is claimed was invested in these lands, upon testimony so loose and indeterminate, would open the door to untold mischief, and render uncertain, if not insecure, the title of every man in the State.

The judgment below is fully sustained by the proofs, violates no rule of law or equity, and is, therefore,

Affirmed.