## MONROE v. GRAVES et al.

*Appeal from Jackson District Court — Tuesday, October 15.*

TO ESTABLISH A PAROL TRUST, THE EVIDENCE MUST BE CLEAR AND CONCLUSIVE.

SUIT in equity to establish and enforce a trust. Plaintiff obtained a report of the referee in his favor, and the District Court rendered judgment thereon *pro forma*. The defendants appeal.

*Adams & Robinson* for the appellants — *Thomas M. Monroe pro se.*

COLE, J. — The plaintiff was the owner of thirty-four shares of stock, of fifty dollars each, in the Julian Gas-light company of the city of Dubuque. The defendant, Graves, became the owner of a note for about one hundred dollars, made by the plaintiff to one Travenner. Upon this note he brought suit before a justice of the peace, and obtained judgment thereon. Execution was issued and levied upon plaintiff's thirty-four shares of stock, and they were sold to defendant Graves. After Graves thus became the owner of the stock, he procured a transfer thereof to himself upon the books of the corporation.

Afterward, the defendant Graves, by purchase of a certificate of sale, made under execution to enforce a mechanics' lien, became the owner of all the real estate of the Julian Gas-light company; and one Pennock became the owner by purchase at a sheriff's execution sale, of all the personal property of said company, including its franchise. After they had thus become the owners of all the property, both real and personal, of the said Julian Gas-light company, they invited some of the stockholders of that company to a meeting to be held for the purpose of organizing a new company. That meeting was held, and was attended only by stockholders of the Julian Gas-light company; and at the meeting a new company was organized under the name of The Key City Gas-light company. Articles of incorporation were adopted, officers elected, etc.

At the time of the organization of this new company, both Graves and Pennock agreed to convey, and afterward did convey to the Key City Gas-light company, all the property acquired by them under execution sales from the Julian Gas-light company; and they further agreed with the stockholders of the Julian Gas-light company to become stockholders in the Key City Gas-light company, upon paying for each share its *pro rata* of the amount which they had paid for all the property, such payment to be made within ninety days. All the

stockholders then present accepted the proposition and paid the amount, severally, for the shares held by them, it being about six dollars to each share. Afterward other stockholders of the Julian Gas-light company did the same, and thereby became stockholders in the Key City Gas-light company.

A little over a year and a half after the organization of the Key City Gas-light company, the plaintiff brought this suit, claiming that, for certain alleged reasons, the judgment of the justice of the peace against him and in favor of Graves, was void, and that the sale of his stock was also void; this claim is admitted by defendant Graves. And also claiming that Graves held his stock, four shares of Julian Gas-light company stock, in trust, and that the same had been converted with Key city Gas-light company stock, which defendant Graves also held in trust for plaintiff; this claim the defendant Graves denies.

The latter company having done a successful business, the plaintiff asks that an account be taken, that its dividends be applied, so far as necessary, to the payment of the *pro rata* for each share, and that the stock be declared to be his, and transferred to him on the books of the company, etc.

A careful reading of the testimony has satisfied us, that both Graves and Pennock, with the utmost good faith toward the Julian Gas-light company and all its stockholders, purchased the property in their individual rights, and with their own means, and held the same free from any trust. The proposition by them to transfer the property to the Key City Gas-light company, and to allow the stockholders of the Julien to become stockholders in the Key, was a voluntary one on their part, and to which they had a right to annex such conditions as they saw fit and proper. It was not obligatory on the stockholders to accept it. The condition annexed, as to which all the witnesses agree, was the payment of the *pro rata* for each share within a specified time, which had elapsed long before this suit was brought. Before the plaintiff can claim the benefit of that proposition, he must show that he has complied with its conditions. This he does not claim to have done.

The weight of the testimony seems to establish the fact that, in the first instance, all the stock was issued to Graves and Pennock, and afterward, as the stockholders of the Julian paid their *pro rata* for shares held by them, certificates of stock in the Key were issued and transferred to them on the books. There is nothing in the evidence to show that the defendant Graves, as claimant of the thirty-four shares of Julien stock formerly held by the plaintiff, paid the *pro rata* for each share and received the certificates of stock in the Key therefor. But it appears that Graves and Pennock held, by virtue of their ownership of the property, all the shares in the Key company, and only such shares were issued to others, as they, by virtue of their ownership of Julien stock, and the payment of the *pro rata* thereon, became entitled to.

In view of the well settled rule, that in order to establish a parol trust, the evidence must be clear, satisfactory and conclusive, we have no difficulty in determining that the judgment of the District Court must be

Reversed.