HUGHES v. LINDSEY *et al.*

Statute of frauds: PAROL GIFT OF LANDS. A parol gift of land from an ancestor to an heir, followed by possession under it, the payment of taxes, and the making of permanent improvements thereon, is not within our statute of frauds, and the title of the donee will be quieted as against the other heirs.

*Appeal from Marion District Court.*

FRIDAY, APRIL 21.

ACTION in equity to quiet title. The petition states the cause of action as follows:

" Your petitioner, Henry H. Hughes, respectfully represents unto your honor that on or about the 1st day of February, 1862, one Asa Hughes (being then in full life), late of Marion county, Iowa, was seized in fee simple of the following real estate situated in said county, to wit: The west half of the southwest quarter and the northeast quarter of the southwest quarter of section twelve (12), in township seventy-seven (77), in range twenty-one (21), west, containing in all one hundred and twenty acres. And being desirous that your petitioner, his son, should own and possess the same in his own right, the said Asa Hughes did, by gift then and there expressed and made, verbally transfer and convey unto your petitioner the said described real estate, intending thereby that your petitioner should hold and enjoy the same in fee simple, and your petitioner states that he then and there accepted said gift and conveyance, and he immediately, with the knowledge and consent of the said Asa Hughes, entered upon and took possession of the said described real estate; that he has continued to occupy the same ever since that time as his own property; that he has paid the taxes accruing thereon; that he has made valuable and lasting improve-

ments on said premises, and that he has in all respects occupied and used the same as his own property until the present time.

Your petitioner further states that afterward, to wit: On or about the 14th day of February, 1863, the said Asa Hughes, being in his last sickness, desired to complete and consummate the gift made as aforesaid, expressed his wish and intention to execute a deed in fee simple to your petitioner for the said real estate, sent for a magistrate to draw up and take the acknowledgment of a deed to your petitioner therefor, but your petitioner states the fact to be that, before the magistrate arrived, the said Asa Hughes was taken suddenly worse, so that, from physical and mental exhaustion, he was utterly incapable of transacting any business whatever, and departed this life without, at any time after the arrival of said magistrate, being able or competent to execute said deed as he desired and intended to do.

Your petitioner further states that there were ten children and heirs at law left by the said Asa Hughes; eight of whom have conveyed said land by quit claim to plaintiff.

Your petitioner further states that the defendants, two of said heirs, notwithstanding the facts herein before stated and set forth, set up and claim an interest in and right to the real estate above described, and threaten to disturb your petitioner in the use and enjoyment of the same, which claim of the said defendants is a cloud upon your petitioner's title thereto, and greatly hinders and obstructs your petitioner in the full benefit and enjoyment of the said premises.

He, therefore, asks that your honor will, upon the final hearing of this complaint, order, adjudge and decree that his title to the said real estate be fully established, quieted," etc.

The defendants filed a demurrer to said petition, setting up the following grounds:

1. The said petition seeks to enforce a naked and unexecuted promise or intention to convey real estate by gift, and is without consideration and void.

2. So long as any act remains to be done in order to complete a gift as, in real estate, the execution of a deed, the same cannot be enforced at law and equity.

3. The several promises declared on are merely voluntary and without any valuable consideration.

4. The alleged contract being in relation to the creation or transfer of an interest in real estate is within the statute of frauds.

Which demurrer the court overruled; to which ruling of the court the defendants excepted, elected to stand upon their demurrer, and refused to further answer the said petition, and a default was ordered against them for want of a plea.

The defendants appeal and say there is error in this:

1. The court erred in overruling defendant's demurrer to plaintiff's petition.

2. The court erred in holding that the alleged contract or gift was not within the statute of frauds.

3. The court erred in holding that the gift was not a mere naked voluntary promise to convey real estate and not enforceable at law or equity.

4. The court erred in holding that said contract or gift as declared upon was enforceable in a court of equity.

*Winslow & Wilson* for the appellants.

*Stone, Ayres & Curtis* for the appellee.

COLE, J. — The single question presented in this record is, whether a parol gift of land, followed by possession under it, the payment of taxes and the making of permanent improvements thereon, is within our statute of frauds? The original statute of frauds, as it is called, passed in the twenty-ninth year of the reign of Charles II, chapter 3, section 4, provided, *inter alia*, that no action shall be

brought to charge the defendant upon any contract for the sale of lands, tenements, or herditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged, etc. There were no exceptions provided for in the statute. But courts of equity, in the exercise of their undefined power, soon began to engraft exceptions in cases of supposed peculiar hardship, and held, when there was a part performance of the contract, or possession was taken under it with the consent of the vendor, or a part of the purchase price had been paid, etc., that the statute did not apply so as to defeat the action. Courts of equity, however, were not uniform in their holdings upon these various exceptions; some were liberal in allowing them, others strict in enforcing the statute.

Our legislature, in view of this conflict, and for the purpose of settling at once and conclusively the rule for this State, has enacted that the statute shall not apply where the purchase-money or any portion thereof has been received by the vendor, or where the vendee, with the actual or implied consent of the vendor, has taken and held possession thereof under and by virtue of the contract, etc. Rev., § 4008. The sale or gift of real estate is, therefore, under our statute, just as complete and perfect, when it is made by parol and followed by possession under it with the consent of the vendor, as if the same were made in writing. The difference relates to the means or the facility and certainty of making the proof of the contract or title. The execution of the deed in such case is no part of the contract; it is only the evidence of it.

The petition in this case distinctly avers the gift by the donor, the acceptance by the donee, and the taking and holding possession by the donee, with the knowledge and consent of the donor, the payment of taxes, and the making of valuable and lasting improvements. These averments

are admitted by the demurrer, and being true, they entitle the plaintiff, under our statute, to the relief asked. The plaintiff does not ask a specific performance of the parol gift, but to be quieted in that title which the gift *executed* had conferred upon him.

Affirmed.