TROUT v. TROUT ET AL.

1. **Trust:** WHEN RESTING IN PAROL: EVIDENCE. To establish a parol trust the evidence must be clear and satisfactory, and, where one of the parties to the trust is dead, should be unequivocal and free from doubt and uncertainty.

2. ——: ——: ——. T. alleged that, under an agreement with his brother that the latter would give him a farm, he sold his property in Canada and removed to this State; that the brother retained the title to the farm until some of T.'s pre-existing debts should be paid, while T. entered into possession, made improvements and paid the taxes; in an action by T. to quiet title after his brother's death, *held* that evidence of the trust being conflicting the relief asked should not be granted.

3. ——: ——: ——. The case distinguished from *Hughes v. Lindsey*, 31 Iowa, 329.

*Appeal from Jefferson District Court.*

SATURDAY, OCTOBER 21.

In the petition the plaintiff states that William Trout, now deceased, was his brother and that a " strong affection existed between them on account of their relationship; that prior to the year 1869, petitioner resided in the Dominion of Canada, and was not in affluent circumstances, and could with difficulty support himself and family, but that he had at that time secured a home and was laboring with better success and brighter prospects; that William Trout wrote to him that he (William) was in good circumstances and was able to assist him, and promising that if he would leave Canada and remove to Illinois, where William then resided, or to Iowa, he would buy a farm and make a present of it to him; that these promises were made to him repeatedly, at first in letters and afterward in conversation, and about ——, 1868, petitioner, relying upon the promises so made to him by William Trout, sold his property in Canada at a sacrifice, and removed with his family to this county of Jefferson, State of Iowa, as requested by said William, and at considerable expense; that about ——, 1868, William Trout came to the house where petitioner

was residing temporarily, in Jefferson county, Iowa, and with him examined a farm which he proposed to purchase and present to petitioner as he had promised, but the farm did not suit petitioner, and William returned to his home in Illinois, promising petitioner that when he found a place to suit him he would come again and buy it for him; that about ——, 1869, William Trout came to petitioner's house in Jefferson county, and with him examined the premises hereinafter described, and said that if they suited petitioner and were such as he desired he (William) would buy the place and give it to him in fulfillment of his promises; and when petitioner declared himself satisfied with the farm, William purchased it, to-wit: The west half of the northwest quarter of section twenty-seven (27), and the southwest quarter of the northwest quarter of section twenty-four (24), except ten (10) acres lying in a square in southeast corner of last tract, both in township seventy-one (71), range ten (10), Jefferson county, Iowa; that immediately after the purchase of said lands William Trout made a gift of them to this petitioner to be by him held and owned in fee simple, and delivered possession of them to him, and your petitioner accepted the gift at the time, and took possession of said lands and held them with the knowledge and consent of William Trout, up to the time of his death, about ——, 1873, and has since possessed and held them to this time.

Your petitioner represents that during his residence in Canada he had become involved in debt, and his brother William at the time he made him a present of said farm told petitioner that he had been advised to retain the record title of the land in his own name until your petitioner might have an opportunity to satisfy his creditors and so hold the farm more securely; that full and complete possession was given to him, and he has up to this time had the full control and management of said premises, using and occupying the house and buildings, receiving all the proceeds of the farm and using them as his own, renting parts of the farm and receiving all the rents and applying them to his own use, no rent being paid by him or demanded or expected of him at any time. He

has repaired the buildings, renewed the fences, and made other and valuable improvements on the premises, and has paid all the taxes on the premises since he took possession in 1869, up to this date, except the tax for the last year, which he applied to the county treasurer to pay, but was informed that the administrator of William Trout had paid them that day.

And that he has been in full and complete possession and use of the property the same as his own up to this time, and that William Trout has departed this life without expressing by his deed the gift so made to this petitioner, and that defendants are his heirs at law; wherefore petitioner asks a decree fully establishing his title, and for general relief."

The answer denies the allegations of the petition, and avers that plaintiff occupied the lands as tenant of said William, who died seized of said lands, and sets up a counter claim and therein seeks to recover for the rents and profits of said premises.

The District Court found for the plaintiff, and rendered a decree accordingly. The defendants appeal.

*Slagle, Acheson & McCracken,* for appellants.

*Stubbs & Leggett,* for appellee.

SEEVERS, CH. J.—The testimony is all contained in the printed abstract, and comprises near one hundred pages thereof. However unsatisfactory it may be, we can only state the reasons briefly that have brought us to the conclusion reached. It would occupy too much space to even set out such portions of the testimony as seem to be regarded by counsel as the most important.

The testimony on the part of the plaintiff tends to prove the allegations of the petition, and if there was nothing contradictory thereto, we should find no difficulty in affirming the judgment of the court below. But the evidence on the part of the defendants is contradictory to that of the plaintiff and, it can be asserted with entire safety, if believed the plaintiff is not entitled to the relief asked. If this were an action at law, and the question of fact had been submitted to the

court or a jury, and the finding had been either way, it could not have been disturbed. There is no such preponderance even of testimony in favor of the plaintiff as would have justified the setting aside of a verdict in favor of defendants.

To justify the decree the testimony of Daniel Trout and his wife, who it is presumed stand entirely indifferent between these parties, must be wholly disregarded. Their attempted impeachment is not of a character to warrant this.

The transaction occurred several years ago, and the liability of witnesses who attempt to repeat conversations of such long standing to be mistaken, requires at least that such testimony should be closely scrutinized and received with great caution. *Fifield v. Gaston*, 12 Iowa, 218. The rule is well settled that in order to establish a parol trust the evidence must be clear, satisfactory and conclusive. *Monroe v. Graves*, 23 Iowa, 597. One of the parties to the transaction being dead, the proof should be clear, unequivocal and without doubt and uncertainty. *Childs v. Griswold*, 19 Iowa, 362. The parties are entitled to a trial anew in this court, and no presumption can be indulged as to the correctness of the finding of the District Court. Besides this, there is great doubt, from the plaintiff's own showing, whether the gift was an unconditional one. The land, it may be conceded, was purchased and intended for the plaintiff. But he was in debt, and William Trout never intended the gift as absolute, so that it could be reached by the plaintiff's creditors. Hence the title was retained in his own name. How can it be said the gift was absolute and unconditional, unless so to all intents and purposes?

*1. TRUST: when resting in parol: evidence.*

Beyond question, if plaintiff's creditors had attempted to subject the land to the payment of their debts, the land would have been William Trout's, and he never intended to place it out of his power in such a contingency to claim title to the premises. This was well understood and acquiesced in by the plaintiff. The testimony of the defendants tends to show that William Trout expected the plaintiff to pay for the land. If William Trout intended the land as an absolute gift, he must have been imbued with an unusual share of brotherly

affection, for he was not possessed of a very large amount of means, and in fact borrowed a portion of the money with which to make the first payment.

There is nothing in the views herein expressed that militates against *Hughes v. Lindsey*, 31 Iowa, 329, as an authority. That case was decided on demurrer, the petition being deemed true. There is no testimony which will warrant a recovery on the counter claim. The defendants can have a decree in this court, or, at their option, the cause will be remanded, with directions to the District Court to enter a decree in accordance with this opinion.

REVERSED.