Richardson v. Haney.

RICHARDSON v. HANEY *et al.*

1. **Innocent Purchaser:** PRIOR PAROL EQUITIES. One who in good faith and for value purchases from an heir his distributive share of real estate cannot be disturbed in his title on account of prior parol equities against the ancestor.

2. **Administrator:** DISCHARGE: SUBSEQUENT ACTION AGAINST. Where, after the discharge of administrators, they are made defendants in an action involving the title to the decedent's real estate, no judgment can be entered against them.

3. **Trusts:** RESULTING : RESTING IN PAROL : EVIDENCE. To establish a resulting trust resting in parol the evidence must be clear and satisfactory. (*Trout v. Trout,* 44 Iowa, 471.) And in this case, in which it was sought to recover certain real estate, or its value, on the ground that defendants' ancestor had agreed with plaintiff to acquire a tax title to the land in question, and afterwards to reconvey it to plaintiff on certain conditions alleged to have been complied with, *held* that the evidence (see opinion) was not sufficient to support the petition.

4. ———— : REAL ESTATE : ORAL AGREEMENT : EVIDENCE. It is incompetent to establish by parol evidence a trust in real estate alleged to have been established by a verbal agreement. (Code, secs. 1934, 3664, par. 4.)

*Appeal from Mitchell Circuit Court.*—HON. J. B. CLELAND, Judge.

FILED, OCTOBER 29, 1888.

ACTION in equity to recover certain real estate, or its value. After a trial on the merits, the district court rendered judgment in favor of defendants. The plaintiff appeals.

*W. L. Eaton* and *F. F. Coffin*, for appellant.

*Cyrus Foreman* and *G. E. Marsh*, for appellee.

ROBINSON, J.—The property in controversy consists of a tract of land containing twenty acres, situate within the corporate limits of the city of Osage. Plaintiff became the owner thereof on the twenty-third day of March, 1866. On the twenty-third of November, 1878, the treasurer of Mitchell county executed a tax deed therefor to J. M. Haney, on account of a sale made for the delinquent taxes of 1874. Haney died in August, 1881, and on the fifth day of the next month administrators of his estate were appointed. The administrators duly qualified and entered upon the discharge of their duties. On the twelfth day of November, 1883, the administrators made their final report, and were discharged. During that year the widow and heirs of decedent divided his estate, the land in question being taken by M. J. Haney. In December, 1883, he sold it to John W. Keller, and conveyed it by warranty deed. Plaintiff claims that on the first day of November, 1878, he and decedent entered into a verbal agreement, which provided that if plaintiff would permit decedent to obtain a tax deed for the land, the latter would reconvey it to plaintiff upon receiving the amount of taxes, interest and penalties, as provided by law, and would allow him the reasonable rents and profits of the land for its use. Plaintiff further claims that he was prepared to redeem the land from tax sale, but that in pursuance of this agreement he permitted decedent to take a tax deed therefor; that decedent took possession of the land in 1879; that on the fifth day of May, 1879, he caused to be paid to decedent the amount required to

redeem from tax sale the land in question, and certain other real estate; that he never demanded a conveyance of the land from decedent during his life-time, but that prior to the commencement of this action, to-wit, prior to November, 1885, he demanded of defendants an accounting and fulfillment of the alleged contract with decedent, and a conveyance of the land, which has been refused. The defendants are the widow and heirs of decedent, two persons named as administrators of his estate, and Keller. Plaintiff demands an accounting, and a decree requiring defendants to convey to him the premises in controversy, or to pay him its value, and asks for general equitable relief.

I. The evidence shows that Keller purchased the land in good faith for a cash consideration of seven

**1. INNOCENT purchaser; prior parol equities.** hundred dollars, without any knowledge of plaintiff's claim; therefore no relief can be granted against him in any event, nor can a decree for the conveyance of the property to plaintiff be rendered. The evidence also shows that

**2. ADMINISTRATOR: discharge: subsequent action against.** the alleged administrators of the estate of decedent were discharged two years before the commencement of this action, hence no relief can be given unless it is authorized as against the widow and heirs of decedent.

II. The testimony of plaintiff in regard to the alleged agreement with decedent is incompetent, and

**3. TRUSTS: resulting: resting in parol: evidence.** must be disregarded. The remaining evidence to establish the agreement is substantially as follows: Frank Nixon testifies that about May 5, 1879, decedent applied to him for money on account of plaintiff, and was given a check for $165.50; that decedent then told him that he held a tax deed for plaintiff's homestead, and other lots, and he had made out a deed to convey it back to plaintiff, and that the money was for that purpose; that the taxes on the homestead and lots amounted to the sum aforesaid; that he was going to keep the tract in controversy on account of the trouble he had been to, "the difference in the money and the taxes and what was on the land;"

that they "amounted to all the land was worth." John Lewis testifies that in the fall of 1879 or 1880 he heard decedent say to plaintiff that he had been offered seven hundred dollars for the land in question; to which plaintiff replied: "I ought to have more than that, for it has cost me over one thousand dollars." B. C. Whittaker testifies that in 1879 he heard decedent say that the land belonged to plaintiff, and would be conveyed to him when he had performed certain things not stated. It is shown that on May 5, 1879, the amount required to redeem the homestead of plaintiff was $120.05, and the amount required to redeem the land in question was $63.97; therefore that decedent received more than enough to redeem the homestead, but not enough to redeem both that and the land in controversy. Other evidence tends to show that plaintiff was not owing decedent anything in 1879, unless the amounts required to redeem as aforesaid be excepted. Appellant insists that the evidence sustains his claim, but we think otherwise. In cases of this kind the evidence to establish the agreement or trust must be clear and satisfactory. *Trout v. Trout*, 44 Iowa, 471. The most direct evidence submitted was that of Nixon, but his testimony shows that decedent did not regard himself as under any obligation to convey to plaintiff the tract in question. It also shows that the conveyance of the homestead to plaintiff was made by decedent not because of any agreement to do so, but because "he didn't want to take a man's homestead." The testimony of Lewis and Whittaker is too indefinite to establish an agreement of any kind. But it is said that it shows that plaintiff had an interest in the land, and that the money paid to decedent on the fifth day of May, 1879, together with the rent of the land which had then accrued, was enough to pay the amount required to redeem the land; and that, since plaintiff was not then owing decedent on any other account, the money must have been received in redemption of the land. The answer to this claim is that the evidence of Nixon shows affirmatively that no money was received by decedent for the redemption of the

tract in question, for the reason that when the money was paid him he stated in substance that he should keep that tract. Nor was he owing to plaintiff at that time anything for rent of the land, under any view of the case. The petition alleges that possession was taken by decedent in 1879. It is shown that the land was used for agricultural purposes, hence no rent could have been due when the money was received.

III. It is not claimed that plaintiff furnished any of the money which was used by decedent in acquiring the tax title in question, and we have seen that no part of the money paid to him on the fifth day of May, 1879, was received on account of that title; therefore no trust resulting from the operation of law is shown. Plaintiff seeks to establish by parol evidence a trust alleged to have been created by a verbal agreement. This cannot be done. Code, secs. 1934, 3664 (4); *Hain v. Robinson*, 72 Iowa, 736; *Burden v. Sheridan*, 36 Iowa, 125; 1 Perry, Trusts, sec. 79. We conclude that the judgment of the court below is correct. It is therefore

AFFIRMED.