## MURPHY v. HANSCOME *et al.*

**Resulting Trust in Land:** PAROL EVIDENCE AS AGAINST LEGAL TITLE. Before a resulting trust in land can be established by parol evidence as against the legal title, the evidence must be clear, certain, and practically overwhelming; and the evidence in this case (see opinion) *held* insufficient to show that land to which plaintiff's husband held the legal title in his life time, and which he and plaintiff had occupied, cultivated and improved for a period of twenty years, was bought with his mother's money and held in trust for her.

*Appeal from Monona District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 19, 1888.

THE facts are stated in the opinion.

*L. R. Bolter & Sons,* for plaintiff.

*P. Hubbard,* for defendants.

*McMillan & Kendall,* for intervenor.

SEEVERS, C. J.—Watson R. Hanscome died in
August, 1879, leaving surviving him the plaintiff, his
widow, and four minor children. At the time of his
death he owned the legal title to certain real estate, and
this action was brought to partition the same. Mary E.
Hanscome, the mother of Watson R., intervened in the
action, and pleaded that she gave her "son three hun-
dred dollars with which to purchase some land on which
to make her a home," and that the land in controversy
was purchased with said money ; that it "was agreed
between her and her son that the legal title to said land
should remain in her said son, Watson R. Hanscome,
for the benefit of the intervenor, for a home in her old
age." This petition was verified by the intervenor. An
amended and substituted petition of intervention was
afterwards filed, in which it is stated that her son took
a deed in his own name for the land in controversy,
"without the knowledge or consent of the intervenor."
This petition was also verified by her. The relief asked
by the intervenor is that "the legal title to the land
* * * be decreed to have been held by said Watson
R. Hanscome in trust for this intervenor, and for her
use and benefit," and that she be invested with the legal
title thereto, and that she have such other relief as she
is equitably entitled to. The court found that the inter-
venor had furnished the money to her son to pay for the
land, and he had taken the title in his own name, with-
out her knowledge or consent, and, the death of the
intervenor being suggested, George E. Warner, executor,
was substituted in her place and stead, and a judgment
entered in his favor establishing a lien on the land for
the money the court found the intervenor had furnished
her son. The plaintiff and minor defendants appeal.

The land in controversy was purchased by and conveyed to Watson R. Hanscome in February, 1868. He immediately entered into possession, and improved the same. He and the plaintiff were married in 1869, and they resided on the land for some years, when he moved to Onawa, where he died. While in Onawa he leased the land, and at all times after he purchased it used and controlled it as his own. The intervenor made her home with her son on the land, and also with him when he moved to Onawa. The plaintiff, in 1882, left Onawa, returned to the land, and thereafter occupied the same as her home, and has made valuable improvements thereon. The intervenor lived with the plaintiff on the land until some time after the latter married her present husband, since which time she has made her home elsewhere.

The foregoing facts are, we think, uncontroverted. It will be observed that the intervenor seeks to establish a resulting trust by parol evidence, and ingraft the same upon the legal title. The rule in such case is well established, that the evidence must be clear, certain and practically overwhelming. If it can fairly be said to be doubtful whether the trust has been established, then the persons asserting it must be deemed to have failed to establish it. Keeping this rule in mind, we, without doubt or uncertainty, have reached the conclusion that the trust has not been established. There is comparatively no evidence but that of the intervenor upon which reliance can be placed. What there is consists of random conversations or declarations made by Watson R. Hanscome, which are exceedingly indefinite and uncertain, and therefore are not entitled to much consideration in a case of this character. Nor is the evidence of the intervenor definite or certain. It was, perhaps, a misfortune that she was seventy-six years old when she testified. It cannot be supposed, in the absence of any showing to the contrary, that her memory is as good as it previously was. It is apparent that her recollection of the transaction was not always the same. This appears from the statements in the two petitions of

intervention, which are contradictory. That she gave or placed some money in her son's hands, and that he invested the same in land, may be conceded; but whether he invested it or purchased the identical land in controversy with such money is doubtful. Besides this, the purchase was made in 1868, nearly twenty years prior to the time the intervening petition was filed. During this time the intervenor made no claim to the land, or inquiry in relation to the title thereto, or in relation to the money she let her son have. She had knowledge that her son executed at least one mortgage thereon, and knew after his death that the plaintiff had made valuable improvements on the land, and had paid the taxes, and in fact for at least fifteen years the intervenor knew that her son and his widow had used and controlled the land as their own, without objection or claim on her part that she had any interest therein. During this time the intervenor resided with and was treated as one of the family. Taking into consideration all the circumstances, we are clearly of the opinion that the intervenor has failed to establish a resulting trust, or that she is entitled to a lien thereon for any amount.

REVERSED.