HENRY AGUE, Appellant, v. JACOB T. SEITSINGER, Appellee.

1. Highways: CONDITIONAL GRANT: BREACH: DAMAGES. In an action against a road supervisor for damages for obstructing a water way, and a passage under a bridge over such way, the plaintiff alleged in his petition, that a public highway through the plaintiff's land was granted to the county upon condition that the county should construct and keep in repair the highway therein mentioned, including a bridge upon the same, constructed in such a manner as to allow the grantor and his successors to attach fences to said bridge, and to allow free passage thereunder to the grantor and his successors and their stock, the purpose being to prevent the obstruction of the natural drainage of a part of the plaintiff's farm, and to obviate the necessity of said grantor constructing gates or bars, and of driving his stock from one part of his farm to the other for water; that in pursuance of said grant a road and bridge were constructed as therein provided, and used by the public and said grantor and his successor for over thirty years, and had been kept in repair by the county until, after said period, said bridge was carried away by a freshet; that the defendant had begun to fill up and obstruct said waterway and passageway under said bridge, and in pursuance of a wilful and malicious intent to greatly damage the plaintiff's property, had constructed said bridge in such a manner as to fill up and obstruct said passageway by sinking said bridge, and filling in earth upon the top of it, to the damage of the plaintiff. *Held*, upon demurrer to the plaintiff's petition, that the facts pleaded showed an interference with the plaintiff's right to attach his fence to the bridge in question as it formerly existed.

2. ———: EASEMENT: STATUTE OF FRAUDS. While the effect of the rights alleged in said petition to have been reserved by the grantor of said highway was to create an easement upon said land, which is an interest in lands within the statute of frauds, *held*, that there having been a part performance of the conditions of said grant by the construction and maintenance of said road and bridge by the county,

the case was within the exceptions to the statute provided for in sections 3663 to 3665 of the Code, and said conditions might be proved by parol.

3. ———: ———: NOTICE. Possession and actual user by said grantor and his successors of the rights claimed to have been reserved in said grant for over thirty years, if not notice to the defendant of the plaintiff's rights in the premises, were at least sufficient to put him upon inquiry.

4. ———: ———: BREACH BY ROAD SUPERVISOR: DAMAGES. The defendant having undertaken to rebuild the bridge in question, it is to be presumed that it was such a bridge as was within his jurisdiction, and hence is liable to the plaintiff in damages for the failure to erect such a bridge as would conform to the conditions of said grant.

5. ———: ———: ———: ———. The county having accepted said grant with the conditions named, it could not afterwards erect a bridge not in conformity with said conditions.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

THURSDAY, MAY 19, 1892.

APPEAL from a judgment sustaining a demurrer to the plaintiff's petition.—*Reversed.*

*Isaac Landt* and *Wheeler Moffit*, for appellant.

*Robert G. Cousins,* for appellee.

KINNE, J.—The plaintiff in his petition alleges his ownership of certain land in Cedar county, Iowa. That in September, 1858, one Sem Simmons was then the owner of said land, and the person from whom the plaintiff purchased. That at said time said Simmons granted to Cedar county the right to a public highway through and across a portion of said land. That said granted road separated a portion of the plaintiff's farm from another portion of said farm and buildings thereon. That said grant was made upon the express condition that the grantee should construct and keep in repair the highway therein mentioned, including a

bridge upon the same, constructed in such a manner as
to allow the grantor and his successors to attach fences
to the same, and to allow free passage under the same to
the grantor and his successors and their stock, in
order that the grantor and his successors might have
the benefit of the water privilege lying adjacent to and
on the southeast of said road; that portion of the
plaintiff's farm lying west and northwest of said road,
and consisting of one hundred and sixty acres, being
without other water privileges; also for the purpose
of not obstructing the natural drainage of a part of
the plaintiff's farm; said open passage beneath said
bridge obviating the necessity of the plaintiff's con-
structing gates or bars, and driving his stock from one
part of his farm to the other for water and other
purposes. That at the time of said grant, and now in
times of high water, said bridge was to be and was
constructed across an arm of a living stream of water
known as "Rock Run." That the grant was accepted
by the county on the conditions named as shown by
the record. That in pursuance of said grant, and of
its acceptance, the grantee proceeded at once to con-
struct said road and bridge as above described, and
they have been continually used by the public, includ-
ing the plaintiff, and kept by the county as a public
highway up to June, 1890, at which time a freshet in
said run carried away said bridge. That the passage-
way under the bridge is the only and natural way of
drainage for a large portion of the plaintiff's farm, and
said passageway has been continually used by the
plaintiff and his grantors for all the purposes above
stated. That the defendant has begun to fill up and
obstruct said water way and passageway in the road,
and under where said bridge was situated, and, though
notified so to do by the plaintiff, refused to construct
the bridge, and leave such open passageway, as hereto-
fore stated, but declares his intention of filling up the

passageway, thereby preventing a free flow of water, and depriving the plaintiff of the use of said passageway, and the right to attach his fences to said bridge. That the defendant, in pursuance of a willful and malicious intent to greatly damage the plaintiff's property, did willfully, maliciously, and negligently place and construct said bridge in such a manner as to fill up and obstruct said passageway by sinking down said bridge, and filling dirt, earth, and other material upon the top of it, to the damage of the plaintiff, and that said acts are willful, and without warrant of law in the performance of his duties as such road supervisor. Damages are prayed for. In response to a motion for a more specific statement, the plaintiff amended his petition attaching the record entry of the county judge relating to the said grant; and alleging that all the agreement not shown therein, and which is set out in his original petition, was verbal, and was, by accident and mistake, not put in writing and made a part of said record.

The defendant demurs to the petition as amended: *First.* Because it shows on its face, by the record set out, that the only right reserved to the plaintiff's grantors was "to attach a fence to the bridge, which must necessarily be built across Rock Run before said road could be made passable," and it is not shown that the defendant has interfered with said right, or with the plaintiff's attaching his fence to any bridge. *Second.* The petition shows on its face that all other alleged conditions upon which said grant is alleged to have been made were verbal, and made more than one year prior to the commencement of this action, and were for the creation of an interest in realty, to-wit: a permanent cattle way across the land granted by Simmons for highway purposes. *Third.* That the defendant is the road supervisor of the road and district

referred to, and as such had supervision of said road and bridge at the time complained of, and had record notice of said grant, but no notice of any condition or reservations not of record. *Fourth.* Petition shows no damage to the plaintiff, except alleged damages for absence of a cattle way, for which the defendant is not liable, and is not liable for constructing whatever kind of a bridge he in his discretion saw fit. This demurrer was sustained. The plaintiff stood thereon, and judgment was rendered against him for costs, and he appeals.

I. We think the petition shows that the defendant has by his acts interfered with the plaintiff's right to attach his fence to the bridge. The petition avers that the defendant not only declared his intention of filling up the passageway, and of depriving the plaintiff of the right to attach his fences to the bridge, but also avers that the defendant did, in pursuance of a willful and malicious intent to damage the plaintiff's property, construct said bridge in such a manner as to fill up and obstruct the passageway by sinking down the bridge, and putting earth on top of it, to the plaintiff's damage. True, it is not in so many words said that the plaintiff could not attach his fence to the new bridge, but, taking the pleading as a whole, we think it fairly appears that such is the force and effect of the allegation made. The petition virtually charges that the object and purpose of attaching the fences to the bridge was for the purpose of an under crossing, that the plaintiff's stock might also water in the run. And if it be true, as charged, that the defendant obstructed said passageway under the bridge by lowering it, and covering it with earth, it is clear that the plaintiff's right of attaching his fence to the bridge, as it formerly existed, was infringed upon by the defendant.

*1. HIGHWAYS: conditional grant: breach: damages.*

II. It is insisted that all the other alleged conditions of the grant rest in parol, and are for the creation or transfer of an interest in lands, and hence are within the statute of frauds. The interest carried by so much of the grant as is in parol cannot be construed to confer a license merely to the county, because that right is always confined to the original parties to it; nor does the authority to act under a license confer any interest in the land itself. 6 American and English Encyclopedia of Law, pp. 141, 142. It is clear that the interest conveyed by this grant created an easement,—an interest in real estate such as is within the statute of frauds,—unless it shall be found to come within some of the exceptions thereto. Code, secs. 3663-3665. It is contended that this case is within the statutory exceptions, in that there has been a part performance. It is alleged that the grant was accepted by the county with all the conditions, and that the county thereunder at once constructed the road and bridge, and kept it up until 1890. The demurrer admits these facts, and they are sufficient, if true, to show that the county entered into possession of the right granted in accordance with all the conditions of the grant. It is too late now, after such taking possession, occupancy, and continuous user of the easement granted for more than thirty years, to question the fact of part performance. *Hughes v. Lindsey*, 31 Iowa, 329; *Chamberlin v. Robertson*, *Id.* 408; *Anderson v. Simpson*, 21 Iowa, 399; *Robinson v. Thrailkill*, 110 Ind. 117; 10 N. E. Rep. 647.

2. ——: easement: statute of frauds.

III. It is contended that the defendant had no notice of the plaintiff's reserved rights under the grant other than that conferred by the record. It will be remembered that none of the reservations made by the plaintiff's grantor appeared of record, except the right to attach the fence to the

3. ——: ——: notice.

bridge. We think the fact that the plaintiff and his grantor had been in possession and actual user of these rights claimed to have been reserved by his grantor for over thirty years is notice to the defendant of the plaintiff's rights, or, at least, was sufficient to put him upon inquiry, which, if properly prosecuted, would have led to actual knowledge of such rights. See *Simmons v. Church*, 31 Iowa, 287, and cases cited. It has been held that the user of a private way, which is an easement, resting in parol, is notice, and in that case it is said: "It is a familiar rule that possession is sufficient to put a purchaser upon inquiry, and that means of knowledge is equivalent to knowledge." *Robinson v. Thrailkill*, 110 Ind. 117; 10 N. E. Rep. 647; *Randall v. Silverthorn*, 4 Pa. St. 173. See, also, Wade on Notice, sec. 300; *Cook v. C. B. & Q. R'y Co.*, 40 Iowa, 455.

We see no good reason why this rule as to notice in such cases, to a purchaser, should not be held applicable to the defendant. Because he was a public officer did not vest in him authority to impair rights of the plaintiff which had existed for over thirty years, without any investigations as to the extent and nature of those rights, and, if he ignored the notice which the law gave him, he did so at his peril.

IV. It is claimed that the petition fails to show any damage to the plaintiff, except as to cattle way, and that for it the defendant is not liable. We think, while the petition is not as full as it might be, that it clearly alleges damages, not only for obstructing the cattle way and water way, but likewise for so building the bridge as to prevent the plaintiff from attaching his fences thereto.

4. ——: ——: breach by road supervisor: damages.

It is insisted that the supervisor is only required to erect such bridges as do not involve a considerable expense, and that it does not appear that this bridge

was of that character, nor that he had at his disposal funds with which to erect such a bridge as was contemplated by this grant, and the conditions thereto annexed, and hence he should not be held liable. If this was not such a bridge as he was in duty bound to rebuild, then he should not have undertaken to build it, for that duty devolved upon the county. Having rebuilt it, the presumption is that it was such a bridge as was within his jurisdiction; and hence he is chargeable with notice of the plaintiff's rights, and liable to him in damages, if any, sustained by reason of failing to erect such a bridge as would conform to the terms of the grant and its conditions.

V. It is claimed by the appellee that the county did not agree on its part to maintain said bridge, and hence the plaintiff's only remedy would be a forfeiture. This is an action for damages. It is alleged that the county did in fact accept the grant with the conditions, and it is certain that the county could not, after so doing, erect another bridge, not at all conforming to the terms and conditions of the grant, nor would the defendant have a right so to do. We have not deemed it necessary to discuss the question of adverse possession, but it will be observed that section 2033 of the Code does not apply in a case like this, where the easement was acquired long prior to its adoption. Code, sec. 2036. The judgment of the district court will be REVERSED.