F. W. SHUPE v. ELIZA J. BARTLETT, *et al.,* Appellants.

**Trusts:** EVIDENCE. Where a wife allowed her husband to use her property in his business, expecting that she would be compensated therefor, and he invested it in real estate in his own name, -there being no understanding that the title should be taken in her name,—and no claim that her property was used to pay for property taken in his name without her knowledge or consent, there is no constructive trust, nor a resulting trust.

**Partition:** PREMATURE SUIT. Where a decree in a suit to partition realty belonging to a testator's unsettled estate provided that partition should not be ordered until settlement of the estate, and until the widow, who refused to take under the will, would elect whether she would take a homestead right or a distributive share, she cannot complain that the suit was prematurely brought.

*Appeal from Warren District Court.*—HON. J. H. APPLEGATE, Judge.

. WEDNESDAY, DECEMBER 14, 1898.

ACTION in equity for the partition of real estate. Eliza J. Bartlett claims to be the owner of the real estate, and both she and her co-defendant, Eulah H. Bartlett, contend that, if the plainiff has an interest in the property, this action was prematurely brought. There was a hearing on the merits, and a decree from which the defendants named appeal.—*Affirmed.*

*H. McNeil* for appellants.

*Henderson & Berry* for appellee.

ROBINSON, J.—Eliza J. Bartlett is the widow of E. G. Bartlett, deceased. He died testate in February, 1895, and at that time held the legal title to the real estate in controversy, consisting of a farm of about one hundred and ten acres of land in Warren county, and parts of certain lots in the town of Lacona, and provided in his will that his wife should have all of his property, both real and personal, during her lifetime, and that "at her death she shall have, by will or otherwise, the disposing of one-third of said farm,—never before." The remainder of the property of the testator was to revert at the death of his widow "to body heirs, including Frank W. Shupe." Mrs. Bartlett filed in the proper court a writing by which she declined to accept under the will, and refused to be bound by it. She denies that the decedent owned the real property in question, and insists that it belongs to her, and was held by the decedent in trust for her benefit, but asks, in case that is not found to be true, that her refusal to take under the will be set aside, on the ground that it was made by her attorney without her knowledge or consent, and before she was fully advised as to her rights under the will. She also alleges that the estate of the decedent is not settled, and that partition of the real estate cannot be made. The defendant Eulah H. Bartlett, a daughter of the decedent, resists this proceeding on the ground that the estate is unsettled. The plaintiff is a grandson of the decedent, and claims to have inherited from him an undivided one-fifth of the estate. The district court adjudged that the decedent was the owner of the property in question, and did not hold it as trustee; that Mrs. Bartlett was bound by her refusal to take under the will, and that her only interest in the property was a homestead right, or the right to a distributive share thereof; that within sixty days after the debts of the estate and the expenses of the administration should be settled and paid, she be required to elect which right she will take; and, after that is done, that a decree ordering the partition of the lands be entered.

Mrs. Bartlett married the decedent in May, 1872. At that time she had some property, the larger part of which appears to have been obtained through a former husband. The decedent had also been married before, and each had several children. The amount of property owned by the decedent at that time is not clearly shown, but he then owned property in Lacona which was occupied as a homestead after the marriage, and perhaps other town property in controversy, and was carrying on an hotel and a store. There is evidence which shows that on several occasions he stated to different persons that he would not have had any property when he married in 1872, had his debts been paid, that he had used money and other property which belonged to his wife, that the farm now in controversy belonged to her, and that he intended to protect her against loss on account of the property which she had owned and he had used. She claims that she let him have money, a note, horses and cattle and hogs, of the value of about one thousand dollars, and a house and two lots. Much of her testimony is incompetent, and was taken under objection. The competent evidence does not show that the husband received property of the value claimed. A considerable amount of it was loaned to the decedent before the marriage. Of the property of the wife used by the husband after the marriage, only the house and two lots are traced into the property in controversy. They were conveyed to one Joe Pressley, at a valuation of $300, in part payment for a forty-acre tract of land which was conveyed to the decedent for the agreed price of $800, all of which was paid by him, excepting that portion paid by the conveyance of the house and lots. All of the remainder of the property in controversy was purchased and paid for by the decedent.

There is no competent evidence which shows that there was any understanding or agreement that the title of any of the property so acquired should be taken in the name of Mrs. Bartlett. It is probable that the money and the proceeds of the note and stock which she furnished to her husband were used in his business, and that he became indebted to her for

the property so received, and intended that she should be compensated for it. No fraud, actual or constructive, is shown on the part of the decedent, and there is no ground for claiming that a constructive trust has been established. *Acker v. Priest,* 92 Iowa, 610; 1 Pomeroy Equity Jurisprudence, section 155; 2 Pomeroy Equity Jurisprudence, sections 1044-1046; 1 Perry Trusts, section 166. The only part of the real estate in controversy into which the property of Mrs. Bartlett has been traced is the Pressley forty, but even as to that the evidence fails to show a resulting trust with that clearness and certainty which is essential. *Murphy v. Hanscome,* 76 Iowa, 192; *Richardson v. Haney,* 76 Iowa, 101; *Trout v. Trout,* 44 Iowa, 471; 1 Perry Trusts, section 133; 2 Pomeroy Equity Jurisprudence, section 1031; 10 Am. & Eng. Enc. Law, 29. We conclude that the evidence fails to show that Mrs. Bartlett is the owner of the property in controversy, and that it fails to establish a trust of any character. Had the decedent used property of his wife for the purchase of land, the title of which he took in his own name without her knowledge or consent, a different question would have been presented.

II. The evidence shows that the instrument executed in the name of Mrs. Bartlett, which purported to be a refusal on her part to take under the will, was filed with her knowledge, and, no doubt, with her consent. She testifies that her attorney did not fully explain her rights under the will, but no sufficient reason for setting aside the instrument filed is shown, and no claim that it should be set aside is urged in this court. Therefore it must remain in force.

III. The appellants insist that the suit was prematurely brought. The district court found that the estate of the decedent had not been settled, and provided that a partition should not be decreed until the settlement should be completed, and until Mrs. Bartlett had been given an opportunity to elect, of the rights of which she was entitled, which one she would take. The interests of the appellants were thus fully protected, and there is nothing in the

decree of which they can justly complain. It is therefore
AFFIRMED.