### NARCISSA G. ROGERS, *ex parte.*

It is not the lapse of time since the death of the husband, but such lapse since the taking out of administration, that affects the right of the widow to a Year's provision:

*Therefore*, where the husband died in June, 1860, and administration was not taken out until February term, 1868, *held* that the widow was entitled to such provision under a petition filed at that term.

(*Gillespie* v. *Hyman* 4. Dev. 118, cited, distinguished and approved.)

YEAR'S PROVISION, allowed by *Watts, J.*, at Fall term 1868 of the Superior Court of WAKE.

The petition was filed at February term 1868 of the county Court of Wake; and a report thereupon by the commissioners was made to May term. At this term the administrator intervened, and moved that such report be set aside, upon the ground that the petition was not filed in time. It was agreed that the intestate died in June, 1860, and that no letters of administration were issued until the term at which the petition was filed.

The report was confirmed in the County Court, and again,

upon appeal by the administrator, in the Superior Court. Thereupon the administrator appealed to this Court.

*Haywood*, for the appellant.
*Rogers & Batchelor*, contra.

Settle, J. The statute provides that a widow who seeks a year's provision out of the estate of her husband, must " file her petition in the County Court of the County where letters of administration or letters testamentary are issuable, at or before the first term when the same are granted."

Does the lapse of eight years without administration upon the estate of an intestate, bar the widow's right to claim a year's provision when administration is granted? If she files her petition " at or before the first term when administration is granted," she complies with the language of the act, and we can see no reason for a construction different from the plain import of the words. On the contrary, if the widow has supported herself and family during the first year of her destitution, it would appear reasonable that she should be reimbursed out of the estate of her husband

But it is suggested, that, as she had the right to administer in preference to others, and neglected to do so for that length of time, she thereby forfeited her right to a year's support. There may have been very good reasons for her failure to procure administration. She may have been prevented from so doing by circumstances beyond her control Such a construction would operate very harshly upon old or infirm widows, or upon those who could not give the requisite bonds, and would defeat the humane purposes of the act, in the very cases which call loudest for its assistance. If the suggestion of delay has any weight, it applies to the next of kin and creditors, with as much force as it does to the widow, for they could have claimed the right of administration promptly, when the widow failed to apply for and procure the same.

There is wide difference between this case and that of *Gil-*

*lespie* v. *Hyman, admr.,* 4 Dev.119; there the widow did not file her petition until the lapse of two years after administration had been granted.

PER CURIAM.                          Judgment affirmed.