# James M. Miller et al., Appellants, *v.* William J. Baker et ux.

*Husband and wife—Deed—Resulting trust—Possession of wife—Notices of trust—Act of April 22, 1856, sec. 6.*

Where a deed for land purchased by a wife and paid for with her money, is made by mistake to her husband, who recognizes her title, no resulting trust arises which must be enforced by the wife against the husband within five years, under the act of April 22, 1856, P. L. 533.

In such case, the possession by the husband and wife of the wife's land is referable to her title and the marital relation, and his occupancy of it results from and accords with his relation to the owner, and it is not in any sense adverse to hers, nor, as between them, will the mere continuance of such occupancy for any space of time operate in equity or by force of any statute as an extinguishment or bar to the assertion of her title.

If the holder of a legal title, subject to a resulting trust, permits the cestui que trust to occupy and enjoy the land as owner, he can derive no benefit from the lapse of time.

Purchasers of such property at a sheriff's sale under a judgment against the husband with notice of the wife's equity take no title as against the wife.

A judgment creditor is not entitled to the protection of the purchaser of a legal title against an equitable owner, or his creditors, or to any advantage which his debtor had not.

Argued Oct. 16, 1894. Appeal, No. 255, Oct. T., 1894, by plaintiffs, from judgment of C. P. Washington Co., Nov. T., 1891, No. 7, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in East Bethlehem township.

The facts appear by the former report of the case: Miller v. Baker, 160 Pa. 172.

When Joanna Baker was on the stand, the following offer was made:

"Now, what did Mr. Horton state or advise you at that time?

"He said that—

"Objected to as incompetent.

"We propose to ask the witness, to prove by the witness that after she explained what she wanted and why she wanted it done, Mr. Horton advised her it could only be done by having a deed made by Young, a new deed; to be followed by evidence that Young had then disappeared out of the country, had been for a long time out of the country, and perhaps dead; this as evidence also upon the question of delay.

"Objected to as incompetent and irrelevant; it doesn't make any difference what Mr. Horton advised.

"The Court: One of the duties of the defendant in this case is to explain the reason that this beneficial owner allowed the title to remain in William J. Baker as long as she did, and any advice she may have gotten, whether it was proper advice or improper advice, if she acted upon it and believed it to be true, I think is competent evidence, and the objection is overruled, offer admitted, exception noted for plaintiffs and bill sealed." [3]

"Have you any recollection as to the object stated by Mr. Horton in leaving these valuation papers there at that time?

"Objected to as incompetent.

"The purpose is to show that it was not a mere idle conversation, but notice of the appeals from the assessment, and they then raised the question as to why it was assessed in the name of William J. Baker.

"Objected to as incompetent and irrelevant.

"Objection overruled: As we take it, the declaration of Mrs. Baker, in the presence of her husband in regard to the real ownership of this property is competent; and it is also of importance and competent to show the circumstances under which the declaration is made; and it is also competent, moreover, as showing under what circumstances she claimed the property in the presence of her husband.

"Offer admitted, exception noted for plaintiff, and bill sealed." [4]

"Now, Mrs. Baker, coming back to this question in your

examination, direct examination two years ago; how could you understand from this question—

" Objected to as unnecessary and frivolous.

" I was going to ask her how she could possibly have understood Mr. Garrison to mean anything else than the occasion of Mr. Baker's visit to Waynesburg when he asked her this question: ' Now what arrangement was made between you and your husband in regard to his going to Waynesburg to attend the partition of this land, that is, the final closing up of it on the records?' I want to ask her how she could possibly understand that he meant 1858.

" Objected to as incompetent.

" The Court: You must refer that to the jury; I do not think the question is competent.

" Joanna Baker being upon the stand; counsel for the plaintiffs propose to ask her on cross-examination, she having replied to a previous question that she thought the time about to be referred to was 1858, how she could have so thought in view of the question asked her by the counsel on direct examination two years ago, which question was this: ' Now, what arrangement was made between you and your husband in regard to his going to Waynesburg to attend the partition of this land; that is, the final closing up of it upon the records;' this for the purpose of affecting her credibility.

" Objected to because the only proper subject of inquiry is whether or not, as a matter of fact, the witness did at the time misunderstand the question proposed by the counsel on the trial; and it is incompetent now to inquire of her as to her opinion, mere opinion how it was possible for her to misunderstand the question.

" The Court: The plaintiff having called the witness' attention to her testimony on the former trial, which they allege is different from what she testifies to now, and the witness having given her explanation of it, whether or not the explanation is a satisfactory one or not, or whether it is impossible to be a satisfactory explanation, is not for this witness but for the jury, and that question is referred to the jury; if it was impossible for her to have in her mind what she now says was in her mind, that will be apparent to the jury from what has been asked her and her answers.

" Objection sustained, exception noted for plaintiffs, and bill sealed." [5]

Plaintiff's points were, among others, as follows:

" The defendants in this case claim that the deeds made by John A. Young and Henry McKee respectively to William J. Baker were made to him by mistake; and that these deeds ought now to be permitted to be reformed, by proof that they were intended by all the respective parties to them to have been made to Joanna Baker, his wife.  Before the jury can reach the conclusion that such a reformation of these deeds should be made, they must be clearly satisfied, not beyond every doubt, for that is impossible, but by evidence that they find not only to be credible, but of such weight and directness as to make out the facts alleged, beyond a reasonable doubt, that it was the intention of all the parties to the deeds referred to that they were to have been made to Joanna Baker.  *Answer:* Refused; it is not necessary for the defendants to show that John A. Young and Henry McKee intended to make their respective deeds to Joanna Baker." [2]

" 7. If the jury believe that the lands conveyed by John A. Young and Henry McKee to Wm. J. Baker were paid for with money of Joanna Baker his wife, and further find that within the year following the date of the deeds to Wm. J. Baker therefor, Mrs. Joanna Baker knew that the title was in the name of her husband, and that she made no effort for a period exceeding twenty-five years, other than by request to her husband, to have the title placed in her name, then she cannot, after such lapse of time, set up her title in opposition to that of her husband's creditors because such claim, so asserted, would be in fraud of the rights of those who gave credit to Wm. J. Baker upon the strength of the said title being in him; unless they find from the evidence that the plaintiffs had notice of her claim of ownership, prior to the time they extended such credit to Wm. J. Baker.  *Answer:* Refused.  It is sufficient if the plaintiffs had notice of her claim of ownership before the time of the sheriff's sale." [6]

" 8. Upon all the evidence in the case, and the law governing it, the verdict of the jury must be for the plaintiffs.  *Answer:* Refused." [1]

Defendant's point was among others as follows:

VOL. CLXVI—27

"1. Any declarations which William J. Baker may have made, out of the presence of Joanna Baker and without her knowledge or authority, asserting ownership in himself of the lands in controversy, are not evidence in themselves, as against Mrs. Baker, that he had such ownership. If the jury believe that any such declarations were made by him, they are to be considered only as they may bear upon the weight and credit to be given to his own testimony. *Answer:* Affirmed." [7]

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1, 2, 6, 7,) instructions; (3, 4, 5,) rulings on evidence, quoting instructions, and bill of exceptions.

*H. M. Dougan, M. L. A. McCrackens, B. L. McCrackens* and *James Q. McGiffen* with him, for appellants, cited: Wylie v. Mansley, 132 Pa. 65; Woods v. Farmare, 10 Watts, 204; Todd v. Campbell, 32 Pa. 252; Hart v. Carroll, 85 Pa. 510; Murray v. New York, etc. R. R., 103 Pa. 44; Young's Est., 137 Pa. 441; Earnest's Ap., 106 Pa. 310; Richards v. Elwell, 48 Pa. 362; Halsey v. Tate, 52 Pa. 311; Fox v. Lyon, 33 Pa. 481; Irwin v. Cooper, 92 Pa. 298; Strimpfler v. Roberts, 18 Pa. 283; Bellas v. Levan, 4 Watts, 294; McBarron v. Glass, 30 Pa. 133; Christy v. Sill, 95 Pa. 384; Hayes's Ap., 123 Pa. 123; McGinity v. McGinity, 63 Pa. 38; Earnest's Ap., 106 Pa. 319; Kistler's Ap., 73 Pa. 393; Silliman v. Haas, 151 Pa. 61; Hoover v. Hoover, 129 Pa. 201; Wylie v. Mansley, 132 Pa. 68; Young's Est., 137 Pa. 441; Reno v. Moss, 120 Pa. 49; Boyertown Nat. Bank v. Hartman, 147 Pa. 562; Honesdale Glass Co. v. Storms, 125 Pa. 268; Hartley's Ap., 103 Pa. 23; McBarron v. Glass, 30 Pa. 133; Hess v. Calender, 120 Pa. 139; Beeson v. Porter, 155 Pa. 579; Reigle v. Sieger, 2 Penrose & Watts, 340; Hollenberger v. Yaukey, 145 Pa. 185; Williams v. White, 35 Pa. 514; Dech v. Gluck, 47 Pa. 407; Stecker v. Shimer, 5 Whart. 459; Steckel v. Koons, 102 Pa. 493; Beckford v. Wade, 17 Vesey, 97; Sower v. Weaver, 78 Pa. 448; Erie & W. R. R. v. Knowles, 117 Pa. 77; Bitner v. Boone, 128 Pa. 567; Yost v. Mensch, 141 Pa. 83; Phillips v. Meily, 106 Pa. 536; Hoffman v. R. R., 157 Pa. 195; Van Voorhis v. Rea Bros., 153 Pa. 22; Moore v. Small, 19 Pa. 471;

act of May 20, 1891, P. L. 101; Stine v. Sherk, 1 W. & S. 195; Martin v. Berens, 67 Pa. 459; Spencer v. Colt, 89 Pa. 314; Murray v. New York etc. R. R., 103 Pa. 36; Sylvius v. Kosek, 117 Pa. 67; Boyertown Nat. Bank v. Hartman, 147 Pa. 558; Brawdy v. Brawdy, 7 Pa. 157; Poorman v. Kilgore, 26 Pa. 371; McBarron v. Glass, 30 Pa. 133; Brobst v. Ruff, 100 Pa. 91; Beihofer v. Loeffert, 159 Pa. 365; Young v. Senft, 153 Pa. 352; 1 Greenleaf Ev., sec. 442; Penna. R. R. v. Fortney, 90 Pa. 328.

*Boyd Crumrine, J. M. Garrison, J. I. Brownson, Jr.,* and *E. E. Crumrine* with him, for appellees, cited: Wylie v. Mansley, 132 Pa. 65; Young's Est., 137 Pa. 433; Strimpfler v. Roberts, 18 Pa. 283; Beckford v. Wade, 17 Ves. 97; Richards v. Elwell, 48 Pa. 361; Irwin v. Cooper, 92 Pa. 298; McBarron v. Glass, 30 Pa. 133; act of April 22, 1856, P. L. 532; Christy v. Sill, 95 Pa. 380; Miller v. Baker, 160 Pa. 178; Clark v. Trindle, 52 Pa. 492; Williard v. Williard, 56 Pa. 119; Douglass v. Lucas, 63 Pa. 9; Smith v. Tone, 68 Pa. 158; McNinch v. Trego, 73 Pa. 52; McLaughlin v. Fulton, 104 Pa. 161; Rodgers v. Gibson, 4 Y. 111; Heister v. Fortner, 2 Binn. 40; Cover v. Black, 1 Pa. 493; Watson v. Willard, 9 Pa. 89; Reed's Ap., 13 Pa. 476; Shryock v. Waggoner, 28 Pa. 430; Brown v. Carey, 149 Pa. 134; Armstrong v. Levan, 109 Pa. 177; Miller v. Baker, 160 Pa. 172; Logan v. Eva, 144 Pa. 312; Light v. Zeller, 144 Pa. 570; Honesdale Glass Co. v. Storms, 125 Pa. 268; Tripner v. Abrahams, 47 Pa. 229; Flick v. Devries, 50 Pa. 266; Church v. Ruland, 64 Pa. 441; Reno v. Moss, 120 Pa. 67; Hess v. Calender, 120 Pa. 138; Fox v. Lyon, 27 Pa. 16; Phillips v. Meily, 106 Pa. 536; Sower v. Weaver, 78 Pa. 448; Erie etc. R. R. v. Knowles, 117 Pa. 77; Bitner v. Boone, 128 Pa. 567; Yost v. Mensch, 141 Pa. 73; Snevily v. Wagner, 8 Pa. 396; Kinzer v. Mitchell, 8 Pa. 64; McMillan's Ap., 52 Pa. 436; Thompson v. Stitt, 56 Pa. 156; act of April 22, 1856, P. L. 533; Maffitt v. Rynd, 69 Pa. 380; Everhart's Ap., 106 Pa. 349; Hess's Ap., 112 Pa. 168; Boyertown N. Bank v. Hartman, 147 Pa. 558; Young v. Senft, 153 Pa. 352.

OPINION BY MR. JUSTICE McCOLLUM, Feb. 25, 1894:

We reversed the former judgment in this case because the

court below rejected the plaintiff's offers to prove acts and declarations of William J. Baker inconsistent with and tending to discredit his testimony. We were then asked to reverse the judgment on the broader ground that, upon the evidence in the case and the law applicable to it, the court should have directed the jury to find for the plaintiffs. This, for reasons then stated, we declined to do. We thought the evidence was sufficient to establish a resulting trust, and that the sixth section of the act of April 22, 1856, was not applicable to the case of a *cestui que trust* in possession. We thought also that the plaintiffs being purchasers at a sheriff's sale upon a judgment against the trustee, and having notice of the trust, acquired such title only as their debtor had and could enforce against the *cestui que trust.* This appeal invites us to reconsider these conclusions and to hold that upon all the evidence in the case and the law governing it, the plaintiffs are entitled to recover the land in dispute. In accordance with their request, we have carefully read and duly considered all the testimony with a view to determine whether it is sufficient to authorize a finding of the facts essential to the existence of a resulting trust. It occupies 388 pages of their paper-book, and it would serve no useful purpose to insert it, or any portion of it, in this opinion. It relates principally to the ownership of the money with which the farm was purchased, to the understanding between the husband and wife in reference to the purchase, and to the alleged mistake in the deeds. We think it is clearly sufficient to warrant a finding that the farm was purchased for the wife and with her money upon an understanding between her and her husband that she should receive the title to it, and further, that the deeds were made to him without her knowledge, and by mistake. Two juries have found these facts, under careful and correct instructions in regard to the character of the evidence required to establish them. The facts, so found, raised a resulting trust in favor of the wife. By virtue of them she became the beneficial owner of the farm, and her husband became a trustee of the legal title for her.

We do not care to add anything to what was said in our former opinion respecting the wife's possession of her farm, her husband's continued acknowledgment of her claim to it, and the relation of the act of April 22, 1856, to the case. It is clear

that under the circumstances shown, the husband could not
have successfully maintained that his wife's title was extinguished by her laches.   Aside from the common law rule that
laches cannot be imputed to a married woman during coverture
we have in this case his continuous recognition of his wife's
title which alone would defeat any claim by him on this
ground.   In Clark v. Trindle et al., 52 Pa. 492, as in this case,
there was a resulting trust arising from the payment of the purchase money, and it was sustained after the lapse of twenty-five
years.   In that case the heirs of the trustee brought ejectment
against the widow of the cestui que trust, and she defended her
possession on the ground that her husband paid the purchase
money and his mother to whom the deed was made was a mere
trustee of the legal title for him.   In Douglass v. Lucas, 63 Pa.
9, SHARSWOOD, J., said: "There is great reason and justice in
holding that when the holder of a legal title, subject to a resulting trust, permits the cestui que trust to occupy and enjoy the
land as owner, that he shall derive no benefit from the lapse of
time."   But inasmuch as the plaintiffs appear to think they
acquired by their purchase greater rights against the cestui que
trust than their debtor had, a brief reference to some of our
decisions on this point is deemed proper.   Their position in
regard to the property in dispute is clearly and correctly defined
in the following excerpts from the opinion of Chief Justice GIBSON in Reed's Appeal, 13 Pa. 475: "If anything is settled by
reason and authority, it is that a judgment creditor is not entitled to the protection of a purchaser of the legal title against an
equitable owner or his creditors, or to any advantage which his
debtor had not." . . . "It has always been supposed that notice
of a resulting trust, or an incumbrance, is early enough at the
sheriff's sale of the legal title; but if the judgment creditor had
the immunity of a purchaser, notice would then be too late to
impair the value of his security.   A sheriff's vendee with notice
buys exactly what the judgment creditor can sell; and if he
can sell no more than the interest of the debtor, it follows that
he stands in the place of the debtor:" See also Shryock v. Waggoner, 28 Pa. 430; Smith v. Tome, 68 Pa. 158, and McLaughlin v. Fulton, 104 Pa. 161, to the same effect.   We would not
have cited any of the long list of cases in which this familiar
principle has been recognized and enforced but for the persistence of the plaintiffs in ignoring it.

We are not convinced of error in the rulings complained of in the third, fourth and fifth specifications, or in the instructions in regard to the effect of the acts and declarations of Wm. J. Baker inconsistent with his testimony. It follows from these views that we overrule all the specifications.

Judgment affirmed.