## CHARLES W. WHITE *vs.* MARILLA EDDY.

The only right to claim a jury trial in an action of account in a district court is on the entry of the writ on the question whether the defendant shall account, or from the interlocutory decision. Judiciary Act, cap. 17, § 7.

Where in an action of account the auditor appointed to state the account has filed his report the only remedy which a party dissatisfied with the report has is to except to it for errors apparent on its face.

Although a district court erroneously enters judgment in conformity to an auditor's report at a stage in the case when the court should merely have noted its decision, such error is not ground for a new trial if there were no errors apparent on the face of the report, since the same judgment must necessarily have been rendered at a subsequent date.

Under the Judiciary Act, cap. 17, § 3, a defendant in an action in a district court who wishes to avail himself of the defence of the statute of limitations must plead it specially; and in the absence of such a plea to an action of account, the auditor must take the account for the period prior as well as subsequent to the six years next preceding the bringing of the action.

DEFENDANT'S petition for a new trial.

*May* 4, 1895. PER CURIAM. This ·is an action of account brought in the District Court of the Sixth Judicial District. After the interlocutory judgment that the defendant account had been entered, an auditor was appointed to state the account. The auditor filed his report January. 5, 1895. On January 10, 1895, the court rendered judgment for the plaintiff in conformity to the report for $287.57 and costs, including $25 for the auditor's fee. The defendant on April 11, 1895, filed her petition for a new trial, alleging that the court erred in entering the judgment instead of noting its conclusions of law and fact or decision, thereby depriving her of the right to claim a jury trial or to take exceptions to the report.

We think that the court erred in entering its judgment on

January 10, 1895, instead of noting its decision. *Lavelle* v.
*Kimball*, 18 R. I. 786. But we do not see that the error
worked any injury to the defendant, since the same judg-
ment must, necessarily, have been entered at a subsequent
date. The only right the defendant has to claim a jury trial
in an action of account in the district court is on the entry of
the writ, on the question whether the defendant shall ac-
count, or upon the decision to account. Judiciary Act. cap.
17, § 7. The procedure in such an action after the judgment
to account is stated in *Whipple* v. *Whipple*, 13 R. I. 534, by
which it appears that when in the taking of the account
questions arise which the parties are unwilling to trust to the
decision of the auditor, the correct practice is to have issues
made up, for the court if the question be one of law, for the
jury if the question be one of fact; the auditor meanwhile
waiting for the decision and conforming the report to it
when received: and that when the account reported by the
auditor has been filed, no exceptions will lie to it except for
errors apparent on its face. · This being so, it was too late for
the defendant even if the district court had merely noted its
decision instead of rendering judgment to have claimed a
jury trial. Her only remedy at that stage of the proceed-
ings was to except to the report for errors apparent on its
face. Unless such errors appeared, judgment must have
been entered, necessarily, on the report.

The petition alleges that the report is erroneous on its face
because it charges the defendant with the rents and profits of
the estate from October 19, 1883, to December 19, 1894, con-
trary to the statute of limitations by which, as the defendant
claims, the accounting should have been limited to the six
years next preceding the bringing of the suit, to wit, six
years from April 27, 1888. The record, however, does not
show that the statute of limitations was pleaded as required
by the Judiciary Act, cap. 17, § 3,¹ if the defendant wished

---

¹ As follows:

Sec 3. The entry of appearance by the defendant in any case in a district
court, shall be equivalent to filing the plea of the general issue; and if said
case be tried in the district court, the defendant shall, on or before the day one

to avail herself of the defence of the statute. In the absence of such a plea, the auditor had no alternative but to take the account for the entire period prior as well as subsequent to the six years next preceding the bringing of the suit. His account so taken is not erroneous.

The petition also alleges that the report is erroneous because it charges the defendant with rent for the portion of the estate occupied by her, such portion being less than the share of said defendant as a cotenant with the plaintiff in the estate. The plaintiff's interest in the estate, as was agreed, is one sixteenth. The defendant had received the entire rents and profits of the estate. The auditor, having ascertained the gross rents and profits so received and deducted the sums properly allowable to the defendant for taxes, insurance, repairs, &c., allowed one sixteenth of the sum remaining to the plaintiff. There is nothing on the face of the report to indicate any unfairness toward the defendant or that the amount reported in favor of the plaintiff is any greater than he is entitled to receive.

Petition denied and dismissed.

*Henry J. Dubois*, for plaintiff.
*George A. Jepherson*, for defendant.

week after the return-day, concisely plead any special defences of law or fact which he may desire to plead. If no special defences be pleaded, the defendant shall be restricted to such matters as may be shown under the general issue, or its equivalent.