JOHANNA GERMAN, Appellant, v. MARGARET HEATH ET AL.

**Tenants in common:** ADVERSE POSSESSION. When a wife occupies
1 the real property of her husband who has been adjudged
insane, and asserts no right or interest adverse to him during
his lifetime, her possession is that of a tenant and upon his
death she holds the property as a tenant in common with his
other heirs, against whom she can acquire no rights by ad-
verse possession.

**Estates of insane persons:** CLAIMS: LIMITATIONS. Assuming that
2 a wife may have a claim against the estate of her insane hus-
band, either while living or after his death, for her own sup-
port and that of their minor children, it should be enforced in
guardianship or administration proceedings and not in an
action to quiet title; and failure to pursue either remedy for
a long series of years will bar her right of recovery.

**Same.** A barred claim against an estate to be available against
3 cotenants of the real estate as a counterclaim, in a proceeding
by them for an accounting of rents and profits, must have been
adjudicated and allowed in a proper probate proceeding.

**Same:** LACHES. A widow who has failed to take any steps to pro-
4 tect and enforce a claim against the estate of her husband, for
the support of herself and minor children, for an unreasonable
length of time, cannot enforce the same in an equitable action
to quiet title and partition the real property, because of her
laches.

**Resulting trusts.** A resulting trust arises with reference to an in-
5 terest in property, where the title is taken in the name of an-
other, only when the intention of the person furnishing a por-
tion of the purchase price was to acquire a proportionate in-
terest in the property, and not when so furnished with the view
of perfecting the title in another; so that a wife, acting as
such, who makes payments on the purchase price of her hus-
band's land for the purpose of perfecting his title for her bene-
fit and that of their children, taking the title in his name, can-
not claim that in doing so she was acquiring an interest in her
own right.

**Tenants in common:** ACCOUNTING FOR RENTS: LIMITATIONS. A ten-
6 ant in common who has had the possession and received the
rents of real property is required to account to his cotenants

for their respective interests therein; and when this question is litigated in an action to quiet title brought by the tenant in possession, Code, section 4198, limiting the recovery to five years in actions for use and occupation of the premises, has no application.

*Appeal from Crawford District Court.*— HON. F. M. POWERS, Judge.

TUESDAY, JULY 7, 1908.

ACTION to quiet title. Decree for defendants, from which plaintiff appeals.— *Affirmed.*

*J. C. Murtaugh* and *Connor & Lally,* for appellees.

*Maurice O'Connor,* for appellant.

McCLAIN, J.— In 1872, John Heath, who was then the husband of this plaintiff, entered into a contract with the Iowa Railroad Land Company for the forty-acre tract of land involved in this litigation, situated in Crawford county, of this State, agreeing to pay $352 therefor in five payments. Prior to November 24, 1875, three of these payments had been made, and on that date Heath was committed to one of the State hospitals for the insane, where he remained in custody as an insane person until his death, on April 9, 1894. During this period of insanity no legal guardian was appointed for him, and after his death no administration was granted on his estate. In 1880 plaintiff, as widow of Heath, completed payments for the land, and procured a deed therefor, to be issued to her husband as grantee. In 1881 plaintiff went to Dakota, and, believing her husband to be dead, married one John German, who has since died. No children of John Heath and plaintiff survived the death of Heath. From and after the year 1885 the tract of land in controversy was occupied by tenants, to whom it was leased

by plaintiff, who received the rents of the land until the bringing of this action. The surviving heirs of John Heath, his brothers and sisters, or their heirs, are made defendants in this action, in which plaintiff asks that the title to the entire tract of land be quieted in her, one-half on account of her surviving her husband without children, the other half by way of an allowance for her support for one year following the death of her husband, and by way of allowance also for the support of, and as compensation for keeping and caring for their children, and for the expenses of their sickness and funerals. Plaintiff also makes claim to the property on account of adverse possession. In an amendment to her petition she further claims that she is entitled to two-fifths of the land, by reason of a resulting trust arising from her payment of two-fifths of the purchase price. In an answer and cross-petition all the defendants, save Margaret Tiernan, a sister of John Heath, who, being served with notice by publication, made default, asked to have their respective shares in a one-half interest in the property quieted in them, and that partition of the premises be made by sale thereof and distribution of the proceeds. They also asked an accounting from plaintiff for one-half of the rents and profits derived by her from the land.

I. The statute of limitations is not available to plaintiff for the purpose of cutting off the claims of defendants to the one-half interest in the property, to which they became entitled, as heirs, on the death of John Heath. Plaintiff was in possession, through tenants, as the wife of Heath prior to his death, and never asserted any right or interest adverse to her husband. She paid installments of purchase money under the contract which her husband had made for the purchase of the land, and caused a deed to be issued to him as grantee. After his death she did no act indicating that she did not hold the property as a tenant in common with the defendants, having the possession thereof, and her

1. TENANTS IN COMMON: adverse possession.

possession was therefore not hostile to them. No cita-
tion of authorities is necessary to support the conclusion that
plaintiff has acquired no right as against the defendants by
adverse possession. But see *Burns v. Byrne,* 45 Iowa, 285;
*Shell v. Walker,* 54 Iowa, 386; *Bell v. Bell's Adm'r,* 37 Ala.
536 (79 Am. Dec. 73); *Miller v. Baker,* 166 Pa. 414 (31
Atl. 121, 45 Am. St. Rep. 680).

II.   Any claim which plaintiff may have had against
the estate of John Heath for the support of their children,
and for her own support after he became insane, has long

2. ESTATES OF
INSANE PER-
SONS: claims:
limitations.

been barred by the statute of limitations.
Twenty-four years before this action was
brought, plaintiff went to Dakota, and inter-
married with John German, as she testified, believing her
husband, John Heath, to be dead, but without any reasonable
showing of ground for such belief.   However this may be,
and assuming that she had a claim against the estate of her
husband, whether dead or insane, she could have pro-
ceeded either by having a guardian appointed, or applying
for the appointment of an administrator to have her claim
adjudicated, and if he was found to have no other estate, then
his real property might have been subjected to the payment
of such claim as was established.   The time for taking out
letters of administration is limited to five years.   Code, sec-
tion 3305.   As he did not die out of the State, knowledge
of the plaintiff as to the time of his death was immaterial
under this section.   With reference to any right which plain-
tiff now claims for an allowance to her out of the estate
of John Heath for her support during the year after his
death, it is sufficient to say that application therefor could
only be made in a probate proceeding involving the distribu-
tion of his estate.   No such proceeding was instituted, and
of course no such claim could therefore be allowed.   *Zunkel
v. Colson,* 109 Iowa, 695.   The cases of *Estate of Mc-
Reynolds,* 61 Iowa, 585, and *Newans v. Newans,* 79 Iowa,
32, relied upon for the plaintiff, have no possible application,

as they relate to the allowance of such claims in a probate proceeding.

The contention that although claims for support may be barred by the statute of limitations, they are still available to plaintiff by way of counterclaim, against the demands of defendant for an accounting for rents and profits of the land, is sufficiently answered by the consideration that plaintiff never secured an allowance of any such claims in a probate proceeding. It is not the general statute of limitations alone which stands in the way of plaintiff's recovery of these claims, but the fact that they never have been made in any jurisdiction in which they could be allowed. The cases of *Ex parte Rogers,* 63 N. C. 110, and *In re Welch,* 106 Cal. 427 (39 Pac. 805), relied upon, are cases in which such an allowance had been properly made.

3. Same.

III. This is a proceeding in equity, involving the quieting of title to and the partition of real estate. It is conceded that plaintiff has no lien against the real estate, so far as the interest therein of the defendants is concerned, and any claim that she may have for reimbursement should have been made at least within a reasonable time. Having waited more than ten years after her claims, if any, had fully accrued, and her equitable rights, if any, had fully matured, she is barred by her own laches from asserting them now. She has been aware, from the time her pretended claims accrued, of the fact that this property constituted the sole estate of her former husband, at any rate she now insists that he left no other estate, and with this knowledge it was her duty, if she claimed any equitable right in his property on account of these claims, to take the proper steps to enforce them. Having failed to do so until every proper method of enforcement has become barred, she is in no position to claim, in a court of equity, that the property be subjected to the payment of such claims. On the other hand, there has been no laches on the part of

4. Same: laches.

defendants which should defeat their rights to take their respective shares in this property as the heirs of John Heath, for their rights have never been called in question, and, as a matter of fact, they have had no knowledge of his ownership of this property until the bringing of this suit.

IV. The doctrine of a resulting trust is invoked in behalf of plaintiff, on the ground that she made the last two payments for the land out of her own earnings. These payments were made, however, while she still **5. RESULTING TRUSTS.** was, and was acting as, the wife of John Heath, and for the purpose of perfecting his title in the property for her benefit and the benefit of their children. By causing the deed to be issued to her husband, she negatived any such claim, as that now made by her, that she was acquiring any share in the property in her own right. A resulting trust arises with reference to an interest in property, where the title is taken in the name of another, only when the intention of the person advancing the portion of the purchase price is shown to have been to acquire a proportionate interest in the property, and not to supply the person acquiring the title, by way of loan or otherwise, the means of perfecting such title. *Malley v. Malley,* 121 Iowa, 237; *Cunningham v. Cunningham,* 125 Iowa, 681; *Hoon v. Hoon,* 126 Iowa, 391; *Shupe v. Bartlett,* 106 Iowa, 654; *Rotter v. Scott,* 111 Iowa, 31. Conceding, for the purposes of this case, plaintiff's earnings while her husband was in the insane asylum belonged to her in her own right, yet if she, in effect, turned over such earnings to her husband by investing them in perfecting the title to his property, she cannot now claim that a trust arose in her favor. *In re Estate of Deaner,* 126 Iowa, 701.

V. As plaintiff has been a tenant in common of the **6. TENANTS IN COMMON: accounting for rents: limitations.** land with defendants since the death of John Heath, her interest being an undivided one-half interest therein, defendants being owners, in due proportion, of the other undivided one-half interest, plain-

tiff should account to defendants for one-half the rents received from the land, subject to deduction therefrom of one-half the taxes paid.   Code, section 4198, limiting the right to recover, for the use and occupation of the premises, to five years prior to the bringing of an action to recover real property, has no application; for this is not such an action. Plaintiff has received rents as tenant in common, and is bound to account therefor to her co-tenants.   As she has been a nonresident, the general statute of limitations has not run as against the defendants' claim, even if the ordinary statutory limitations are applicable to such claim.

In view of the conclusions which we have reached with reference to the merits of the case, we find it unnecessary to pass upon appellees' motion, submitted with the case, to dismiss the appeal, because no notice thereof was served on one of the defendants.

The decree of the trial court is *affirmed*.