## SCOTT LOGAN, Appellee, v. W. R. DAVIS, Appellant.

**USE AND OCCUPATION:** Limitation on Recovery. The statutory
1  5-year limitation on the right to recover "for the use and occupation" of real estate applies whether the action be (1) at law or (2) in equity. (Sec. 4198, Code, 1897.)

**USE AND OCCUPATION:** Construction of Statute. The statutory
2  5-year limitation on the right to recover "for the use and occupation of" real property is not to be dealt with as a statute of limitation. (Sec. 4198, Code, 1897.)

**PLEADING:** Construction Against Pleader. One who pleads that he is
3  the owner of certain lands, and that the defendant has wrongfully occupied the same, and prays for judgment for the "rent," will be held to have confessed that he is seeking recovery "for the use and occupation of" the premises.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

### NOVEMBER 11, 1919.

### OPINION ON REHEARING DECEMBER 16, 1920.

THE plaintiff, appellee, demanded of the defendant the rental value of land occupied by defendant. The defendant contended that he was liable for not more than five years of use and possession of the premises. The trial court held him liable for the value of the use during the entire period of occupancy. Defendant appeals.—*Reversed.*

*J. L. E. Peck* and *Healy & Thomas*, for appellant.

*T. E. Diamond*, for appellee.

SALINGER, J.—I. The parties were in dispute as to whether plaintiff had title to the land. The dispute began in 1890, and ended in May, 1914, when the Supreme Court of the United States sustained the claim of plaintiff that he had title. 233 U. S. 613 (34 Sup. Ct. Rep. 685, 58 L. Ed. 1121). After the

entry of the decree, plaintiff filed supplemental petition, praying an allowance of rental value from the time defendant first took possession, in 1890, until when, at the end of the crop year in 1914, he relinquished possession, in pursuance of the decree of the Supreme Court of the United States. In answer, defendant admitted ownership in plaintiff by virtue of the decree of the Federal Supreme Court, and that, subject to a counterclaim interposed, he was indebted for five years' rental, immediately prior to the filing of the supplemental petition. He made a tender. The trial court made plaintiff an allowance for a period longer than said five years. Defendant contends here, among other things, that the decree which established the title of the plaintiff as well adjudicated that no rent was due to plaintiff. In view of the conclusions on which we dispose of this appeal, that claim of adjudication need not be passed upon. If not more than five years' possession can be allowed for, the tender by defendant was sufficient, and there must be a reversal.

II.   The answer set up that, as to the years 1890 to 1909 inclusive, plaintiff was barred from recovering any rentals because of Section 4198 of the Code. That statute provides:

"The plaintiff cannot recover for the use and occupation of the premises for more than five years prior to the commencement of the action."

The appellee presents that there are four reasons why this statute is not applicable: (a) That this is so because the suit is an equity suit, and not an action by ordinary proceedings; (b) that said statute is but a limitation upon recovery "for the use and occupation of the premises," and therefore does not govern where, say, "mesne profits" due for a tortious withholding of lands from an owner who is entitled to possession are involved, because these differ from "rents and profits;" (c) that no general statute of limitation is available, for that the rights of the plaintiff did not accrue because of and during the pendency of litigation in Federal tribunals, and that, since title was settled in favor of plaintiff in those tribunals, not enough time ran, up to the institution of this suit, to invoke the bar; and (d) because the general statute of limitations is not pleaded, and therefore can in no event be relied on.

If we shall be constrained to hold that the statute asserted

by defendant is not a statute limiting the time wherein to bring action, it may become unnecessary to consider the statute of limitations at all, and therefore unnecessary to deal with the effect that pendency in Federal tribunals may have in some cases. And we will proceed to deal first with the other avoidances presented by appellee.

### 2-a

We are unable to understand why said statute has no application merely because this is a suit in equity, and not an action by ordinary proceedings. The statute puts a limitation upon the time for which there may be recovery "for the use and occupation of the premises." If this action for rent cannot be set up in a suit

1. USE AND OC-
CUPATION: limi-
tation on re-
covery.

in equity, that was for objection on part of defendant. It cannot well be urged by appellee, who is defending the decree. *Guthrie v. Winters,* 181 Iowa 1324. If the claim is properly in the equity suit, then here is a suit to recover "for the use and occupation of the premises." No matter what the form of the suit, that use and occupation is its subject. It follows that the form of the suit did not arrest the statute of limitations. Nothing in *German v. Heath,* 139 Iowa 52, contradicts this. It holds merely that Section 4198 has no application to a case wherein a tenant in common, who has had the possession and received the rents of real property, is required to account to his cotenants for their respective interests therein. We conclude that the form of the suit is here immaterial.

### 2-b

We are of opinion that Section 4198 is not to be dealt with as a statute of limitation. It is not found in the chapter that deals with such limitations, but in the one that deals with actions for the recovery of real property; no reference is made in this particular statute to any other statute provision; nor is any time of accrual or

2. USE AND OC-
CUPATION: con-
struction of stat-
ute.

accrual itself mentioned. If what is involved here is a recovery "for the use and occupation of the premises," then it is flatly provided that recovery therefor cannot be for more than five years prior to the commencement of the action.

It is competent for the legislature to say arbitrarily what the maximum is that the court may allow for the deprivation of the use of lands. The legislature can enact a peace statute, or a statute creating limits to a penalty, or a statute for liquidated damages. And the sole question is, What has the legislature done? We do not understand it is questioned that, as to a recovery "for the use and occupation of the premises," the limit is the value of the use and occupation for the five years just prior to the bringing of suit to recover. So the question really narrows to whether this plaintiff has brought a suit which is no more than an attempt to recover for the use and occupation of his lands by the defendant. At this point, appellee involves us in terminology. He says that what he is entitled to are mesne profits that he would have if defendant had not tortiously withheld possession from him, under a claim of ownership that the courts finally defeated. We can tell better from the pleadings of plaintiff what he is seeking to recover than we can tell from argument. In his original petition, he asserted that he was the owner of this land in fee simple; that defendant wrongfully occupied the same; that, therefore, plaintiff was entitled to and demanded possession and, as well, a judgment "for rent" in the sum of $500. We are of opinion that lexicographers, nomenclature, and terminology are not decisive here; are of opinion that plaintiff himself has confessed in the record that what he is entitled to recover for is rental value of occupation by defendant, and that, therefore, this is a suit to recover "for the use and occupation of the premises." It follows that, since the validity of the statute is not assailed, its provisions limit the recovery of plaintiff to rents due for possession during the five years prior to the commencement of this suit. We are permitted, too, to note the general history of the state, and that informs us why our present construction of this statute is reasonable. At the time the statute was enacted, such controversies as this were exceedingly numerous and bitter. Men who believed in good faith they had title were told by the courts, after years of litigation, that they were mistaken, and that they had lost all their labor, time, and investment. The exaction of the pound of flesh inflicted almost mortal injury. In parts of the state, there was

3. PLEADING: construction against pleader.

threatened what came close to localized civil war. We do not doubt the legislature had this situation in mind, and exercised mercy and sought to conserve the public peace by limiting the penalty for honest mistake. We think, too, that *Muir v. Bozarth*, 44 Iowa 499, strongly tends to support the position that the claim for rent is barred, so far as more than five years' use of the premises is concerned.

Appellant relies on this statute provision. He made tender of all that we find is due under its provisions. We are constrained to hold that no relief was due the plaintiff beyond what was tendered, and that the court erred in allowing more.

The appellee presents an emphatic argument against the general equities of such views as we are expressing. We are told that one who has wrongfully maintained possession should not be allowed to say to the true owner:

"I have nothing to lose by this venture, because all the rent that you can get is rent covering the past five years only."

Since the statute permits just that, we are unable to see why here is not a case of remedy by a legislature, rather than by the courts. If it be true that the statute permits what is not proper, the remedy is not with this tribunal. And so of the argument asserting it would be a "travesty to justice" to permit this defendant to assert the bar of the statute, where he took possession forcibly, kept the true owner out of possession for nearly a quarter of a century, and in that time compelled him to litigate title and possession through the Federal land department, the several state courts, and finally through the Federal Supreme Court; and that he should not be permitted to say:

"I now claim I owe you practically no rent at all as damages for the wrongful detention of that land throughout that entire period."

Persuasive as all this may be, were it addressed to the legislature, it does not destroy the statute.

The decree below must be—*Reversed*.

WEAVER, C. J., EVANS, PRESTON, STEVENS, and ARTHUR, JJ., concur.

LADD, J., takes no part.