ANNA A. ARMSTRONG et al., Appellees, v. CARL H. RODEMACHER et al., Appellees; A. L. ALEXANDER, Appellant.

**TENANCY IN COMMON:** Mutual Rights of Cotenants—Accounting for Rents. A cotenant who rents the property as his own must account to his cotenants on the basis of the actual amount of rent received by him, and not on the basis of the reasonable rental value of the property.

Headnote 1: 38 Cyc. p. 67.

*Appeal from Monona District Court.*—MILES W. NEWBY, Judge.

APRIL 7, 1925..

ACTION by three tenants in common to recover from their cotenant certain rentals upon real estate owned in common, which rentals it is claimed were received by the cotenant. The

trial court required the defendant to account for the rentals so received, and the defendant appeals.—*Affirmed.*

*O. P. Bennett* and *Underhill & Miller,* for appellant.

*Lutz & Lutz* and *Prichard & Prichard,* for appellees.

FAVILLE, C. J.—One Peter Alexander owned a farm of 240 acres, in Woodbury and Monona Counties. He died many years ago, seized of said real estate. He left a will, by the terms of which his surviving widow, Rebecca, was given a life estate in said real property, and the remainder was devised to his four children. One of said children married and died, leaving surviving her a husband and five children. The widow of Peter Alexander remarried. She died on March 13, 1921. The remaindermen under the will of Peter, at the time of the expiration of the life tenancy, were two surviving daughters and the heirs of the deceased daughter, and appellant. On July 22, 1920, the said Rebecca leased the said described premises to appellant for the term of two years, beginning on March 1, 1921, by written lease, the agreed rental being $1,000 per year. In February of 1921, appellant leased the said premises to one Rodemacher, for the term of one year from March 1, 1921, at an agreed rental of $1,800. Rodemacher went into possession and farmed the premises under the said lease. Some thirteen days after he had taken possession of the said premises, the life tenant died. He was, however, not disturbed in the possession of the premises, and continued to occupy the same until the expiration of his lease, March 1, 1922. He paid to appellant the sum of $692.69. A receiver was appointed in this action, who has collected from the tenant, Rodemacher, the balance of the rent provided for in his lease. Appellees contend that they are entitled to three fourths of the entire rent due and collected from Rodemacher under his lease. It is conceded by all of the parties that the rights of appellant under the lease which he obtained from the life tenant, Rebecca, expired upon her death, March 13, 1921. Rodemacher was at said time in possession of the said premises under his lease as the subtenant of appellant. He continued in possession for the remainder of his term of one year. Appellees knew of his possession, and in June

of 1921 notified him of their rights in the premises. The question in the case is whether or not appellees are entitled to their three-fourths share of the $1,000 rental which appellant agreed to pay, or to their share of the reasonable rental of the premises, which it is claimed was $1,200, or to their share of the actual rental paid by Rodemacher, which is $1,800.

It is obvious that the lease between appellant and the life tenant, Rebecca, expired on her death, March 13, 1921, and that appellant can claim no rights to the possession of the premises under said lease by the payment of the rent reserved therein, of $1,000, unless it be on the theory that appellees ratified the said existing lease between the life tenant and appellant, or are estopped to deny its validity. We find no sufficient evidence in the record upon which to base a ratification of the lease between the life tenant and appellant, or anything that estops appellees from contending that the same was without validity. Appellant, then, is in the position of a cotenant who has rented the property to a tenant who has had possession of the premises. This being true, the question arises as to whether appellant should account to his cotenants merely for the fair and reasonable rental value of the property, or whether he should account to them for the actual rental received by him from the premises owned in common.

It is the contention of appellant that the preponderance of the evidence shows that the fair and reasonable rental value of the premises for the year in question did not exceed $1,200, and that he was entitled to whatever amount he could collect from Rodemacher, who was in possession of the premises under the lease from him, and that he is only accountable to appellees, his cotenants, for such fair and reasonable rental, no matter how much he may in fact have received. We think such is not the law, under such a state of facts.

It is the generally accepted rule that, where one tenant in common leases the property owned in common and derives rents and profits therefrom, he must be held to account to his cotenants for the actual rents and profits so received by him from the property held in common, and not alone what may be proved to be the fair and reasonable rental value of the property.

The amount received by appellant is definite, certain, and

established. He used the premises owned in common as his own, by leasing them to Rodemacher. He should be held to account to his cotenants for the actual rentals and profits so received. This the decree of the trial court effectuated. See *German v. Heath,* 139 Iowa 52; *Sagen v. Gudmanson,* 164 Iowa 440; *Schissel v. Dickson,* 129 Ind. 139 (28 N. E. 540); *Eighmey v. Thayer,* 135 Mich. 682 (98 N. W. 734); *Gage v. Gage,* 66 N. H. 282 (29 Atl. 543); *Ayotte v. Nadeau,* 32 Mont. 498 (81 Pac. 145); *White v. Eddy,* 19 R. I. 108 (31 Atl. 823).

We find no error in the decree of the trial court, and it is in all respects—*Affirmed.*

EVANS, STEVENS, and ARTHUR, JJ., concur.